**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| INDIANA STATE COUNCIL OF ROOFERS | ) | |
| HEALTH AND WELFARE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:06-CV-456 PS |
| | ) | |
| LAUGHERY BROTHERS ROOFING | ) | |
| AND SIDING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment [DE 8]. Because Defendant

Laughery Brothers Roofing and Siding Co., Inc. has failed to answer or otherwise defend this

lawsuit, it is adjudged to be in default.

**I. BACKGROUND**

Plaintiff Indiana State Council of Roofers Health and Welfare Fund ("Fund") filed its

complaint in this matter on July 21, 2006 [DE 1]. Service of Summons and Complaint by

certified mail was made and received by Defendant on July 24, 2006 [DE 5]. Defendant failed to

appear, plead, or otherwise defend the lawsuit as provided by the Federal Rules of Civil

Procedure. Accordingly, Plaintiff filed a Motion for Entry of Default on August 16, 2006 [DE

6], which the clerk of the court entered on August 18, 2006 [DE 7]. Plaintiff then filed a Motion

for Default Judgment on August 28, 2006 [DE 8], which is now currently before this Court.

Plaintiff asserts that Defendant violated the provisions of the Employee Retirement

Income Security Act (ERISA), by failing to make monthly contributions to the Plaintiff Fund for

all hours worked by covered employees of Defendant, as required by a collective bargaining agreement signed by a representative of Defendant.  (Compl. ¶¶ 1, 5-6, Ex. A.)  Plaintiff seeks (1) contributions for the months of March, April, May and June, 2006, which equal $15,294.29; (2) interest on the delinquent contributions for the same months in the amount of $727.32; (3) attorney's fees ($332.00); and (4) the cost of the filing fee ($350.00).  (Pl. Mot. at ¶ 2, Ex. A.) Accordingly, Plaintiff seeks a total of $16,703.61 from Defendant.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.")  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).  *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992).  Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendant in this case, this Court may now enter a default judgment under Rule 55(b)(2).  While Federal Rule of Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  "'As a general rule, a default judgment establishes,

as a matter of law, that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint.'" *O'Brien*, 998 F.2d at 1404 (citation omitted).

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the factors listed above weigh in favor of default judgment. There are very few material issues of fact and the grounds for default are clearly established. Moreover, there are no issues of substantial public importance here. Furthermore, the default is not simply a technicality, as Defendant has not pleaded or appeared in this matter since the lawsuit was filed in July 2006. Defendant cannot be allowed to completely ignore this suit. Finally, Plaintiff seeks a relatively small amount of money. Nevertheless, Defendant's refusal to respond to Plaintiff's complaint prejudices Plaintiff by delaying its receipt of the money at issue. Thus, the Court finds that a weighing of these competing factors comes out in favor of Plaintiff, and default judgment is appropriate.

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are capable of ascertainment from

definite figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary.  *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323).

To support its claim of an ERISA violation, Plaintiff submits an affidavit from Ellen Densborn, an employee of the Plaintiff Fund administrator.  (Pl. Mot., E. Densborn Aff. ¶ 5, Ex. A.)  Her responsibilities include determining employer delinquencies.  (*Id.* at ¶ 6.)  She attests that Defendant failed to make timely contributions to the Fund from March through June 2006 in the amount of $15,294.29, and owes interest on the delinquent contributions in the amount of $727.32.  Specifically:

|  | Contribution Due ($) | Late Fee/Interest ($) | Total ($) |
|---|---|---|---|
| **March 2006** | 4117.58 | 329.41 | 4446.99 |
| **April 2006** | 2593.88 | 155.63 | 2749.51 |
| **May 2006** | 3531.02 | 141.24 | 3672.26 |
| **June 2006** | 5051.81 | 101.04 | 5152.85 |
| **Total** |  |  | **$16021.61** |

(*Id.* at Ex.)  In addition, Defendant owes $350.00 to reimburse Plaintiff for the filing fee for this lawsuit.  (*Id.* at ¶ 9.)

Finally, Defendant owes $332.00 in attorney's fees.  Plaintiff's attorney, Joseph Simeri, submitted an affidavit, stating that his rate of $200 per hour is reasonable and "well within the market rate charged by lawyers in this area having similar skill, experience and reputation."  (J. Simeri Aff. ¶ 6 [DE 9].)  He also provided a detailed summary reflecting that he expended 1.50 hours on this matter.  (*Id.* at Ex. A.)  The Court finds that $332, the final lodestar amount, is

reasonable and appropriate.[1] *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (noting that a lodestar amount is obtained by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate).

As seen above, Plaintiff has attached detailed affidavits of Ellen Densborn and Joseph Simeri to establish the amount of damages owed by Defendant. The affidavits are supported by documentary evidence. Accordingly, a hearing is not required in this matter.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment [DE 8] is **GRANTED**. Defendant Laughery Brothers Roofing and Siding Co., Inc. is **ORDERED** to pay:

(1) $15,294.29 in delinquent contributions for months March through June 2006;

(2) $727.32 in interest/late fees on the delinquent contributions for months March through June 2006;

(3) $350.00 to Plaintiff for the cost of the Court filing fee of the complaint; and

(4) $332.00 to Plaintiff for attorney's fees.

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: January 4, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] This total also includes a lawyer or paralegal rate of $40 per hour for .80 hours for filings ($32). The Court finds this amount also reasonable.